# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY EARL GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:11-CV-00936-WMA-PWG |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| and the UNITES STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 22, 2012, recommending that this action be dismissed pursuant to 28 U.S.C. § 1915A(b). The magistrate judge found that the plaintiff had failed to state a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), because he named only the United States and the FBI as defendants, and that his FTCA claims were due to be dismissed for lack of subject matter jurisdiction, pursuant to the detention of goods exception, 28 U.S.C. § 2680.

The plaintiff filed objections to the report and recommendation on March 9, 2012 (doc. 17), along with a motion to amend the complaint (doc. 18) and two affidavits in support thereof (docs. 19, 20).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.

The plaintiff concedes that his claims pursuant to the FTCA are due to be dismissed. However, he objects to the dismissal of his *Bivens* claims, and has filed a motion to amend his complaint by providing the names of the officials who seized his property in 1997. The plaintiff contends that the

defendants violated his constitutional rights by unlawfully seizing his property over thirteen years prior to the filing of this action, and objects to the dismissal of his complaint without granting him leave to amend to cure the pleading deficiencies.

Permitting the plaintiff to amend the complaint to name the individuals whom allegedly violated his rights in 1997 would be futile in this case, as the *Bivens* claims are time-barred. Because courts have characterized *Bivens* actions as analogous to 42 U.S.C. § 1983 actions, they generally look to the forum state's personal injury statute of limitations to determine the appropriate limitations period. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (courts generally apply § 1983 law to Bivens cases). The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1)(1975).[1] The plaintiff complains of acts which occurred in 1997. This action was filed on March 10, 2011, well outside of the two year limitations period. The plaintiff's motion to amend is due to be DENIED, and his objections OVERRULED.

Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 30 day of March, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Ala. Code § 6-2-38(1)(1975) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."