# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY EARL GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:11-CV-00936-WMA-SGC |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

On September 9, 2014, the magistrate judge filed a report and recommendation, recommending the government's motion to dismiss be granted and this case be dismissed pursuant to the judgment bar of the Federal Tort Claims Act ("FTCA"). In the alternative, the magistrate judge recommended the plaintiff's complaint be dismissed as untimely and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 47).

On September 19, 2014, the plaintiff filed objections to the report and recommendation.[1] (Doc. 49). Therein, the plaintiff states the magistrate judge omitted

---

[1] Although the objections were filed with the court on September 29, 2014, they were signed and presumably delivered to prison officials on September 19, 2014. A pleading is deemed "filed" by an incarcerated individual on the date it is delivered to prison authorities for mailing. *Garvey v. Vaughn,* 993 F.2d 776 (11 Cir. 1993) (holding that the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266 (1988), applies not only to notices of appeal, but also in actions pursuant to 42 U.S.C. §1983, the Federal Tort Claims Act, and *Bivens v. Six Unknown Fed.*

to note he is black and lives in a black neighborhood and complains there was a typographical error pertaining to the date of the seizure of his property on page 17 of the report. (*Id.* at 2- 3). These objections are noted.

Substantively, the plaintiff first objects to the dismissal of his FTCA claim. He argues that because his FTCA claim was unexhausted, it was improperly dismissed pursuant to the detention of goods exception and also contends the exception should not have applied because the defendants were not acting within the discretionary scope of their duties. (*Id.* at 8-11). The plaintiff further asserts because his FTCA claim should have been dismissed as unexhausted, the FTCA's judgment bar should not have precluded him from bringing his claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

On February 22, 2012, the previously assigned magistrate judge recommended the plaintiff's FTCA claim be dismissed pursuant to the detention of goods exception. (Doc. 16). The plaintiff did not object to that recommendation. (See Docs. 17 & 18). On March 30, 2012, his FTCA claim was dismissed on that ground. (Docs. 21 & 22). Although the court vacated its dismissal of the plaintiff's *Bivens* claim, its dismissal of the plaintiff's FTCA claim on the detention of goods exception stands. (Doc. 24). Failure to timely file specific objections will bar any later challenge or review of the

---

*Narcotics Agents*, 403 U.S. 388 (1971)).

factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C).  While the plaintiff is correct that his FTCA claim was also subject to dismissal for failure to exhaust, he may not now challenge the propriety of the dismissal on the alternative grounds.  The plaintiff has waived this objection.  It is worth noting, however, courts have held the FTCA's judgment bar applies to *Bivens* claims when the FTCA claim is dismissed as unexhausted.[2]  Moreover, the court adopts the magistrate judge's dismissal of the *Bivens* claims on the alternative grounds.

Second, the plaintiff objects to the magistrate judge's determination his claims are time-barred.[3]  (Doc. 49 at 11-16).  He alleges he "continually attempted to file under Rule 41(e)" for the return of his property in *United States v. Gibson*, No. 05-00230 (N.D. Ala. filed June 2, 2005)[4] and contends the seizure of his property did not occur until the denial

---

[2] *See Sanchez v. McLain,* 867 F.Supp.2d 813 (S.D.W.Va .2011)(all judgments, including dismissals on procedural grounds, are subject to the FTCA's judgment bar); *Freeze v. United States,* 343 F.Supp.2d 477, 481 (M.D.N.C.2004) (the FTCA's judgment bar precluded plaintiff's *Bivens* claims on the same operative facts after the court dismissed plaintiff's FTCA claims for failure to file an administrative tort claim); *Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir.2001) (holding that any FTCA judgment, regardless of its basis, "bars *Bivens* actions arising out of the same subject matter because Section 2676 does not distinguish among types of judgments").

[3] The plaintiff's complaint that he was not granted discovery regarding his claim that the 1997 search warrant was invalid (Doc. 49 at 5) is patently frivolous.

[4] *United States v. Gibson*, No. 05-00230 (N.D. Ala. filed June 2, 2005), is a wholly unrelated criminal case in which the plaintiff pleaded guilty to possession of a firearm by a convicted felon and was sentenced to 115 months imprisonment

of that motion or, in the alternative, when he was notified by the defendants they possessed his property. These objections are overruled, and the court adopts the reasoning of the report and recommendation dated September 9, 2014. (Doc. 47).

Finally, the plaintiff objects to the finding he did not adequately plead his claims. This objection is overruled. The amended complaint in this case simply did not allege facts from which the inference of a constitutional violation by the named defendants was more than merely speculative. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion the plaintiff's objections, whether discussed specifically herein or not, are due to be **OVERRULED** and the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.

The complaint is due to be dismissed pursuant to the FTCA's judgment bar, 28 U.S.C. § 2676, and, in the alternative, as time-barred, as it was filed outside the statute of limitations, and for failing to adequately state a claim upon which relief can be granted pursu

---

following his arrest on September 26, 2000. In that case, the plaintiff filed a motion for return of property on October 22, 2010 that he ultimately withdrew on March 14, 2011. *See id.* at Docs. 23, 28.

**DONE** this 30th day of September, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE